---

(Superior Court of Cincinnati.)
General Term, 1901.
H. F. CORBIN & CO. v. GEORGE HAFER.

---

(1.) The parties to a lease may terminate the same at any time by mutual agreement without a distinct consideration for so doing.

(2.) A tenancy from year to year may be changed by mutual agreement between the parties to a tenancy from month to month, without any consideration passing between the parties.

---

MURPHY, J.; DEMPSEY, J., and SMITH, J., concurring.

The facts of the case, as shown by the bill of exceptions, are as follows: In 1889 the firm of Corbin, Mendel & Company rented from George Hafer, a store room on Second street, in the city of Cincinnati, by a written lease for the term of three years, at an annual rental of $1,200, payable in monthly installments of $100. At the expiration of said lease it was not renewed, but the firm continued to occupy the premises. In 1894 the firm of Corbin, Mendal & Company was dissolved, Mendel retiring and the business was continued under the name of H. F. Corbin & Company, occupying the same store. Subsequently the rent was reduced from $100 per month to $83.33 1-3 per month. So far the parties agree. Mr. Corbin claims that in January of 1894 he had a conversation with Mr. Hafer, and as a result of that conversation the terms of the rental was changed from an annual to a monthly term. This Mr. Hafer denies. In March, 1896, the firm of H. F. Corbin & Company moved from the premises and tendered the key of the store to Mr. Hafer, who declined to receive it, claiming that the firm were his tenants until December 31, 1896.

It will be seen that the controversy between the parties is, was the firm of H. F. Corbin & Company yearly tenants of Mr. Hafer by reason of holding over under the former lease, or were they tenants from month to month, as claimed by Corbin?

The court below in his charge to the jury gave the law correctly in regard to the relation of landlord and tenant, and as to the effect of a tenant holding over after the expiration of a written lease. The court also charged the law correctly as to the rights of the parties to make a new agreement by which the term should be changed from a yearly to a monthly one, but added the following:

"After the rights of the parties had become fixed, and the tenancy from year to year had become established by the conduct of the tenant in holding over, and conduct of the landlord in accepting it as a tenant from year to year, an agreement after that to change the relationship of the landlord and tenant for that year, where the rights of the parties had been fixed, an agreement between the parties to change the relationship from a tenancy for a year to a tenancy from month to month would have to be based upon some new consideration. If it were just simply an agreement, under those circumstances, without any new consideration or anything of value passing, any change in the relationship of the parties based upon such agreement would be void as to that year."

We do not think that this is a sound proposition of law. We can see no reason why the parties to the lease cannot terminate the same at any time by mutual agreement without a distinct consideration for so doing. This is too plain to need argument.

Inasmuch as Corbin & Company claimed that the tenancy was changed in 1894, and do not claim any subsequent agreement, the effect of this part of the charge was to take from the consideration of the jury the issue in the case, namely, whether from January or February, 1894, Corbin & Company held the premises as tenants from month to month or held as yearly tenants under the terms of the former written lease by holding over.

For this reason the cause is reversed and remanded for a new trial. We do not deem it necessary to notice the other errors assigned.

*Chas. W. Baker,* and *Victor Heintz,* for Plaintiff in Error.

*Wilby & Wald,* for Defendant in Error